## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LATASHA WATKINS-MITCHELL,**

      **Plaintiff,**

                 **Case No. C2-05-572**
  **vs.**                **Judge Edmund A. Sargus, Jr.**
                 **Magistrate Judge Mark R. Abel**

**CHASE HOME FINANCE, LLC,**

      **Defendant.**

### OPINION AND ORDER

    This matter is before the Court for consideration of the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant, Chase Home Finance, LLC ("Chase" or "Defendant"). Plaintiff, Latasha Watkins-Mitchell ("Plaintiff"), alleges that Defendant terminated her employment because she applied for and received workers' compensation benefits and that Defendant therefore violated Ohio's public policy and the state's Workers' Compensation Act, O.R.C. § 4123.01 *et seq.* Defendants move for dismissal because Plaintiff did not strictly comply with the timing requirements of Ohio Rev. Code § 4123.90. For the reasons that follow, the Motion is denied.

### I.

    Plaintiff, a former employee of Defendant Chase Home Finance, was injured in June, 2003 in the course of her employment. (Compl., ¶ 3.) As a result of these injuries, Plaintiff was unable to work. She sought medical treatment and filed a claim under the Ohio Workers' Compensation Act. (Compl., ¶4.) Plaintiff's claim was approved and the Bureau of Workers' Compensation

determined that she was entitled to temporary total disability benefits ("TTD"). Chase terminated Plaintiff's employment while she was receiving TTD.

Defendant maintains that Plaintiff's Complaint must be dismissed because she has not complied with the time limitations set forth in Ohio Rev. Code § 4123.90.[1] In particular, Chase argues that Plaintiff did not send written notice of the claimed violation of Section 4123.90 and did not bring her case within the requisite 180-day statute of limitations.[2]

On May 5, 2005, Plaintiff filed this action in the Franklin County Court of Common Pleas alleging wrongful termination in violation of the public policy of Ohio because she was discharged while receiving TTD benefits. Defendant timely removed this action on the basis of diversity jurisdiction. This matter is now before the Court on Defendant's Motion to Dismiss.

## II.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant, by motion, to raise the defense of plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim

---

[1] Ohio Rev. Code § 4123.90 provides in part as follows: "No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer."

[2] Ohio Rev. Code § 4123.90 has two timing requirements: (1) a claimant must provide written notice of a violation within 90 days of the adverse action ("[N]o action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken . . ." ); and (2) an action under the statute must be brought within 180 days ("The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken . . . .")

that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The Court is authorized to grant a motion to dismiss under 12(b)(6) only where it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993). While the Court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III.

This Court has jurisdiction pursuant to 28 U.S.C. §1332 and § 1447 in that diversity of citizenship exists among the parties and each Plaintiff asserts that the matter in controversy exceeds $75,000. Plaintiff alleges a claim arising under the law of the State of Ohio. In construing questions of state law, a district court sits as a state court and must apply state law in accordance with the controlling decisions of the highest court of the state. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938). Because jurisdiction in this case is based on diversity, the Court applies the law of the State of Ohio in assessing the merit of Defendant's Motion to Dismiss Plaintiff's claims.

Plaintiff's Complaint alleges that Defendant "terminated Plaintiff's employment while she was receiving temporary and total disability compensation." (Compl., ¶ 6.) Plaintiff alleges that

Defendant's termination of Plaintiff['s] . . . employment is in violation of the public policy of Ohio [and] is explicated, *inter alia*, in *Coolidge v. Riverdale Local School District*, 100 Ohio St. 3d 534 (2003) and the Ohio Worker's Compensation Act." (*Id.* at ¶¶ 8-9.) Plaintiff brings her claim under the common law of Ohio and the doctrine set forth in *Kulch v. Structural Fibers, Inc.,* 78 Ohio St. 3d 534 (1996), and its progeny. (Id. at ¶¶ 7-8.)

Defendant maintains that Plaintiff's claim for wrongful discharge in violation of Ohio public policy is based on Ohio Rev. Code § 4123.90, which makes it unlawful for an employer to take any adverse action against an employee for pursuing rights under the Ohio Workers' Compensation Act. Defendant contends that Plaintiff, therefore, may not pursue a common law claim for wrongful discharge in violation of the public policy, unless she strictly complied with the requirements set forth in Ohio Rev. Code § 4123.90, including the two timing requirements relating to notice to her employer of the claim and the 180-day statute of limitations.[3]

Ohio law recognizes the tort of wrongful discharge in violation of public policy. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981, Syl. ¶ 2 (1990).

---

[3]     Plaintiff has not alleged anywhere in her Complaint that she gave Defendant the statutorily required written notice or that she complied with the 180 day statute of limitations. Defendant offers the affidavit of Chase's Vice President and human resources business partner who avers that Plaintiff was terminated on June 10, 2004. The Court may not, however, consider matters outside the pleadings, including the affidavit and business document attached to it, without converting the Motion to Dismiss into one for summary judgment.

In deciding whether to dismiss a complaint, however, the Court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the Court may take judicial notice, such as public records or items appearing in the record of the case. *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("'In determining whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997))); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990).

This tort represents an exception to the at-will employment doctrine. *See Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150, Syl. ¶ 1 (1985)(noting employment relationship cannot be terminated for reason which is contrary to law).

A claim of wrongful discharge in violation of public policy, commonly referred to as a *Greeley* claim, requires a prima facie showing of each of the following elements: (1) a clear public policy manifested in the Ohio or United States Constitutions, a statute or administrative regulation, or the common law (the "clarity element"); (2) that the dismissal of employees under similar circumstances would jeopardize the public policy (the "jeopardy element"); (3) that the discharge was motivated by conduct related to the public policy (the "causation element"), and (4) that the employer lacked a legitimate overriding business justification for the plaintiff's discharge (the "overriding justification element"). *Collins v. Rizkana*, 73 Ohio St.3d 65, 70, 652 N.E.2d 653, 658 (1995).

In *Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 677 N.E.2d 308 (1997), the Ohio Supreme Court addressed the public policy exception to the employment at will doctrine in the context of an alleged violation of the Ohio Rev. Code § 4113.52 (the "Whistleblower Statute"). The court held that the mere existence of a statutory remedy does not, without more, preclude a claim for wrongful discharge in violation of public policy. The court reasoned that, because the Whistleblower Statute provided only limited remedies, the state legislature did not intend a claim based upon the statute to be a sole basis for relief. The court reasoned, "the mere existence of statutory remedies for violations of R.C. § 4113.52 does not operate as a bar to alternative common-law remedies for wrongful discharge in violation of the public policy embodied in the Whistleblower Statute." *Id.* at 157. Although the Supreme Court's decision in *Kulch* permitted employees to bring public policy

-5-

claims based on the Whistleblower Act, the Court stated that employees bringing such public policy claims must strictly comply with the statutory requirements of Ohio Rev. Code § 4113.52, the underlying code provisions upon which their claims depended. *Id.* at 162.

The Ohio Supreme Court applied the public policy exception of *Greeley* to a worker's compensation case in *Coolidge v. Riverdale Local School District*, 100 Ohio St. 3d 141, 797 N.E.2d 61 (2003). In *Coolidge*, the Ohio Supreme Court held that an employee who is receiving temporary total disability compensation pursuant to Ohio Rev. Code § 4123.56 may not be discharged solely on the basis of absenteeism or inability to work, when the absence or inability to work is directly related to an allowed condition. *Id.* at 151. The court in *Coolridge* found that an employee could bring an independent cause of action against the employer for a public policy tort in the absence of a retaliatory motive. *Id.* at 145. The Supreme Court was not called upon to assess, and accordingly did not address in *Coolidge,* whether a claimant must comply with the statutory and procedural prerequisites of the workers' compensation code in bringing his or her public policy claim.[4]

Here, Defendant argues that *Kulch* requires Plaintiff to comply with the requirements, including the time limitations, imposed by the workers' compensation statute that she claims is the source of her public policy claim. Defendant argues that *Kulch* means that Plaintiff may not evade the procedural requirements under Ohio Rev. Code § 4123.90 of written notice to her employer

---

[4]  Defendant is not arguing that Plaintiff may not bring a public policy tor concurrently with a direct action for retaliation under Section 4123.90. The Court notes that a majority of Ohio courts have concluded that a plaintiff may maintain a public policy claim premised on Section 4123.90 in addition to or in lieu of a claim of retaliation directly under Section 4123.90. *See, e.g., Salyer v. Honda of America*, – F. Supp. 2d –, 2005 WL 2338786 *9-*10 (S.D. Ohio 2005)(Holschuh, J.)(collecting cases and finding that plaintiff had sufficiently pleaded a *Greeley*-claim under *Coolidge* irrespective of whether the employer violated Section 4123.90). The instant case involves a narrower issue, however, pertaining to whether the Plaintiff must comply with the statutory prerequisites when her claim derives from a public policy of protecting employees from discharge for absences that are related to workplace injuries.

regarding her claim as well as the 180-day limitations period.

The Ohio Supreme Court's decision in *Pytlinski v. Brocar Products, Inc.*, 94 Ohio St. 3d 77, 760 N.E.2d 61 (2003), however, directly bears on this issue. In *Pytlinski*, the employee was fired after he expressed his concerns about workplace safety to the employer and to fellow employees. A year later, he sued the employer for wrongful discharge in violation of Ohio public policy favoring workplace safety. The court found that "Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted." *Id.* at 80. The Supreme Court held that, because Pytlinski was not suing pursuant to Ohio's Whistleblower Act, he was not bound by that statute's 180-day limitations period. The court found that a cause of action for common law wrongful discharge in violation of Ohio public policy was not covered by any specific statute of limitations. As such a pure common law claim, it was subject to the general four-year limitations period contained in Ohio Rev. Code § 2305.09(D), and the employee's action was found to be timely. *Id.* In particular, the Supreme Court of Ohio found:

> [T]he holding in *Kulch* [is] controlling .... Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted. Therefore, Pytlinski is not bound by the statute of limitations set forth in [the Whistleblower Act] because his cause of action is not based upon that statute, but is, instead, based in common law for violation of public policy.

*Pytlinski*, 94 Ohio St. 3d at 80. Further, the court held:

> Having determined that the one-hundred-eighty-day limitations period set forth in R.C. 4113.52 does not apply to a common-law action for wrongful discharge in violation of public policy, we must determine what limitations period does apply. R.C. 2305.09(D) provides the general limitations period for tort actions not specifically covered by other statutory sections. An action for wrongful discharge in violation of public policy is not specifically covered by any statutory section.

Accordingly, we find that the limitations period for common-law claims for wrongful discharge in violation of public policy is four years as set forth in R.C. 2305.09(D).

*Id.* at 80; *see also, e.g., Celeste v. Wiseco Piston*, 784 N.E.2d 1198, 151 Ohio App. 3d 554 (Ohio Ct. App. 11th Dist. 2003)(construing *Pytlinski*).

Defendant contends that, because the claim of Watkins-Mitchell is based upon Ohio Rev. Code § 4123.90, she must also comply with the time limitations contained in this statute in order to bring a timely claim for unlawful discharge in violation of Ohio public policy. This argument, while not without appeal, was advanced by Justice Stratton in her dissent in *Pytlinski*. *Id.* at 84. Justice Stratton wrote:

> I believe that *Kulch* applies here because the substance of the complaint alleges a claim for wrongful discharge in violation of the public policy underlying the Whistleblower Act, R.C. 4113.52. Although the plaintiff and a majority of this court characterize the cause of action as one based upon public policy favoring workplace safety, the fact is that regardless of how it is phrased, the essence of the claim is a *Greeley* cause of action based upon the public policy embodied in R.C. 4113.52. *See Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. Therefore, I believe that the result is dictated by *Kulch.*

*Id.* at 84 (Stratton, J., dissenting). The majority of the Ohio Supreme Court held otherwise, and this Court is, of course, to apply Ohio law as interpreted by the state courts.

*Pytlinski* permits a *Greeley*-type claim to be refashioned as an independent public policy claim not subject to the prerequisites of any particular statute that may embody a public policy of Ohio on which the claim is seemingly based. In *Pytlinski,* for example, the employee claimed to have been terminated for reporting violations of the Occupational Health and Safety Act, an assertion that would seem to state a basic Whistleblower Act claim. But rather than alleging that his employer violated the public policy embodied in the Whistleblower Act, the employee claimed that it was the underlying public policy in favor of a safe workplace, as embodied in OSHA, that was at issue. The

-8-

reasoning in *Pytlinski* likely extends to the other statutory schemes and procedural prerequisites.

Here, Defendant attempts to characterize Plaintiff's claim as one dependent upon, and subject to Ohio Rev. Code § 4123.90 because Plaintiff asserts that she was terminated "intentionally, purposefully, willfully and with malice." (Compl., ¶ 10). In other words, Defendant contends that this allegation in her Complaint takes Plaintiff's claim out of the realm of *Coolidge* and translates to a direct cause of action under Section 4123.90 which prohibits an employer from retaliating against an employee for filing a workers' compensation claim.[5] Yet, Plaintiff maintains that hers is common law wrongful discharge claim for a violation of Oho public policy, as recognized by *Coolidge,* irrespective of whether Chase had a retaliatory motive. She asserts that her claim is brought pursuant to the common law for wrongful discharge in violation of Ohio's public policy favoring protection for workers against loss of employment for being absent from work due to a work-related injury.

The Court is cognizant that the Complaint in this case should not be dismissed for failure to state a claim unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Although Plaintiff alleges that the public policy that Chase violated is "explicated" by the Ohio Workers' Compensation Act (Compl., ¶ 9), she has not alleged that she is pursuing a concurrent

---

[5] In fact, Defendant concedes that "Plaintiff would not have to comply with the timing requirements if she were making a true *Coolidge* claim, but she is not." (Def's Reply, at p. 5.) Because Defendant notes that Plaintiff has alleged that Chase terminated her employment with malice, Defendant argues that *Coolidge* does not apply, because "*Coolidge* is only applicable where the employee is terminated 'in the absence of a retaliatory motive." (*Id.*, citing *Coolidge*, 100 Ohio St. 3d at 1145.) The Court does not find Plaintiff's allegation attributing malice to her former employer dispositive of the issue. Indeed, Plaintiff could merely correct this purported defect by amending her complaint to delete the reference. The fact that a pleader mirrors some of the language of an Ohio statute does not necessarily foreclose a pure common law *Greeley* claim.

claim under the statute or that her cause of action otherwise depends upon it. A complaint should not be dismissed because it does not state all the elements giving rise to a legal basis of recovery or because plaintiff misconceived the proper theory or claim if plaintiff is entitled to relief under any theory. *Myers v. United States*, 636 F.2d 166, 169 (6th Cir.1981). The Court finds at this early procedural juncture that the law of Ohio arguably supports a claim that Plaintiff is entitled to maintain her *Greeley* claim against Chase whether or not the she complied with the dictates of Ohio Rev. Code § 4123.90 because she can identify a source of public policy separate from the public policy embodied in that statute. Accordingly, Defendant's Motion to Dismiss is **DENIED**.

**IV.**

Based on the foregoing, Defendant's Motion to Dismiss (Doc. #2) is **DENIED**.


**IT IS SO ORDERED.**


_____3 - d 7 - d006_____
**DATED**

~~~~~~~~~~~~~~~~~~~~~~
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**